UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NAMEL NORRIS,

                Plaintiff,                Case No. 21-cv-07823 (VSB)

      - against -                **ANSWER TO COMPLAINT WITH CROSS-CLAIMS**

ROTANA SMOKE SHOP CORP., a New York corporation, d/b/a ROTANA SMOKE SHOP, and FRENCH DINNER LLC, a New York limited liability company, d/b/a LE FRENCH DINER, and 188 ORCHARD STREET CORP., a New York corporation,

                Defendants.
------------------------------------------------------------------X

      Defendant 188 Orchard Street Corp. (hereinafter "188 Orchard"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Complaint and Cross-claims herein, states as follows:

## JURISDICTION AND PARTIES

      1.     Denies the allegations contained in paragraph 1, except admits that Plaintiff purports to invoke this Court's jurisdiction.

      2.     Denies the allegations contained in paragraph 2, except admits that Plaintiff purports to invoke this Court's venue.

      3.     Denies the allegations contained in paragraph 3 and refers all questions of law to the Court.

      4.     Denies that Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, and denies having knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4.

5. Admits that 188 Orchard is a New York corporation that is authorized to conduct business in New York and that it owns the subject premises, denies the remaining allegations as they pertain to 188 Orchard, and denies having knowledge or information sufficient to form a belief as to the allegations pertaining to the codefendants.

6. Denies the allegations contained in paragraph 6, except admits that Plaintiff purports to invoke this Court's venue.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7. Denies the allegations contained in paragraph 7 and refers all questions of law to the Court.

8. Denies the allegations contained in paragraph 8 and refers all questions of law to the Court.

9. Denies the allegations contained in paragraph 9 and refers all questions of law to the Court.

10. Denies the allegations contained in paragraph 10 and refers all questions of law to the Court.

11. Denies the allegations contained in paragraph 11 and refers all questions of law to the Court.

12. Denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15 and refers all questions of law to the Court.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20.

### COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21. Denies the allegations contained in paragraph 21 and refers all questions of law to the Court.

22. Denies the allegations contained in paragraph 22.

23. Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 22.

### COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24. Denies the allegations contained in paragraph 24 and refers all questions of law to the Court.

25. Denies the allegations contained in paragraph 25 and refers all questions of law to the Court.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 27.

### COUNT IV – VIOLATION OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31 and refers all questions of law to the Court.

32. Denies the allegations contained in paragraph 32 and refers all questions of law to the Court.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 36.

## ATTORNEYS' FEES AND COSTS

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

## DAMAGES

40. Denies the allegations contained in paragraph 40.

## INJUNCTIVE RELIEF

41. Denies the allegations contained in paragraph 41.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by the applicable statute of limitations and/or governing administrative time limitations.

4862-4351-1047.1

4

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries are *de minimis*.

## FOURTH AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by the doctrines of unclean hands, laches, estoppel and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by lack of standing.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks any statutory or other basis to recover compensatory damages or any other damages, injunctive relief, attorneys' fees and/or costs of suit in this action.

## SEVENTH AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by Plaintiff's failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's ability to recover damages is barred or limited, in whole or in part, by 188 Orchard's good faith efforts to comply with all applicable laws, rules, and regulations.

## NINTH AFFIRMATIVE DEFENSE

No actions or omissions of 188 Orchard were the proximate cause of any alleged injury, loss, or damage to Plaintiff and, thus, the Complaint and all claims stated therein should be dismissed because there is no causal connection between the asserted claims and any damages Plaintiff has allegedly suffered.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, were caused, in whole or in part, by his own acts or omissions, and as a result his claims are barred or limited by the doctrines of comparative or contributory negligence and/or the doctrine of avoidable consequences.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, due to the exercise of reasonable care to prevent and promptly correct any instances of alleged discrimination or asserted barriers to accessibility by the premises' owner and/or lessee.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, because the alterations that Plaintiff seeks to the subject premises are not readily achievable nor able to be carried out without significant difficulty or expense except, rather, would result in an undue burden upon the subject premises' owner and/or lessee.

**THIRTEENTH AFFIRMATIVE DEFENSE**

It was structurally impracticable to design, construct or otherwise alter the subject premises in the manner proposed in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Readily accessible routes are provided to and within the subject premises and each of its leased premises which are the subject of the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any departures from the ADA Accessibility Guidelines are permitted by law insofar as any alternate designs to the subject properties provide substantially equivalent or greater access to and usability of the properties and goods.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Full compliance with any alterations that are allegedly required would be technically infeasible.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Alterations to areas of the subject premises which do not serve primary functions are disproportionate to the cost of the overall alteration of the premises.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

There are no barriers in access to use or enjoyment of the subject premises and/or the goods, services, programs, facilities, privileges, advantages, and accommodations provided therein.

**NINETEENTH AFFIRMATIVE DEFENSE**

The statutes sued upon due not apply to 188 Orchard in whole or in part because it has been continuously operating since prior to the time the laws allegedly prohibited or regulated any of the conditions in question.

**TWENTIETH AFFIRMATIVE DEFENSE**

As Plaintiff failed to provide 188 Orchard with notice as to any alleged barrier encountered or opportunity to cure same prior to instituting this suit, and without attempting to resolve the alleged issues through alternative means of dispute resolution, as encouraged by Congress in 42 U.S.C. §12212, Plaintiff cannot recover attorneys' fees and costs.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The modifications proposed or sought would impose a significant administrative or financial burden upon 188 Orchard.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, are the result of independent acts of third parties or other agencies or entities for which 188 Orchard is not responsible.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff has not experienced or been damaged by any form of discrimination or actionable conduct by 188 Orchard.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has not experienced or been subject to any barriers to the access, use or full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations available at the subject premises as a result of any acts or omissions of 188 Orchard.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any alleged direct or indirect injuries by 188 Orchard.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is and was not a *bona fide* patron to the subject premises.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Awarding punitive damages against 188 Orchard would violate the United States and New York Constitutions.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover punitive damages because 188 Orchard did not engage in any actionable conduct with malice or reckless indifference to Plaintiff's rights.

**FIRST CROSS-CLAIM AGAINST DEFENDANT ROTANA SMOKE SHOP CORP.**

Defendant Rotana Smoke Shop Corp. ("Rotana") is contractually obligated to indemnify and hold harmless 188 Orchard with respect to Plaintiff's claims herein. By reason of the foregoing, in

the event that a verdict or judgment is entered herein in favor of Plaintiff against 188 Orchard, 188 Orchard is entitled to judgment over against Rotana for all or part of any verdict or judgment Plaintiff may recover against 188 Orchard.

### SECOND CROSS-CLAIM AGAINST DEFENDANT ROTANA SMOKE SHOP CORP.

Although 188 Orchard denies liability to Plaintiff, in the event that there is a verdict or judgment is entered herein in favor of Plaintiff against 188 Orchard, 188 Orchard demands judgment over and against Rotana for all or part of any verdict or judgment Plaintiff may recover against 188 Orchard by reason of Rotana's wrongful conduct being primary and/or active while any wrongdoing of 188 Orchard, if any, was secondary and/or passive, and the indemnity is to be full and complete.

### THIRD CROSS-CLAIM AGAINST DEFENDANT ROTANA SMOKE SHOP CORP.

Although 188 Orchard denies liability to Plaintiff, in the event there is a verdict or judgment in favor of Plaintiff herein against 188 Orchard, then 188 Orchard, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to contribution from and judgment over and against Rotana for all or part of any verdict or judgment Plaintiff may recover against 188 Orchard.

**WHEREFORE**, 188 Orchard demands that judgment be entered as follows:

1. Dismissing the Complaint in its entirety with prejudice;
2. Granting judgment in its favor on its Cross-claims;
3. Awarding it costs and expenses, including reasonable attorneys' fees; and
4. Granting such other and further relief as is just and proper.

Dated:  New York, New York
        December 17, 2021

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   /s/ Peter T. Shapiro
        Peter T. Shapiro
        Stephanie Steinberg

                                                   *Attorneys for Defendant 188 Orchard Street Corp.*
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300
Peter.Shapiro@lewisbrisbois.com
Stephanie.Steinberg@lewisbrisbois.com

To:    THE WEITZ LAW FIRM, P.A.
        B. Bradley Weitz
        Robert J. Mirel
        *Attorneys for Plaintiff*
        Bank of America Building
        18305 Biscayne Blvd., Suite 214
        Aventura, Florida 33160
        (305) 949-7777
        bbw@weitzfirm.com
        rjm@weitzfirm.com

## CERTIFICATE OF SERVICE

  Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on December 17, 2021, he caused to be filed via ECF Defendant's Answer to the Complaint.

                 /s/ Peter T. Shapiro
                   Peter T. Shapiro